IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**BRANDON CANTRELL,**

    **Petitioner,**

v.                                  **Case No. 2:07-cv-00508**

**JOHN MCKAY, Administrator,**
**South Central Regional Jail,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION AND NOTICE TO PETITIONER

On August 16, 2007, Petitioner filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees (# 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

Petitioner's claim for habeas corpus relief stems from his conviction, following a guilty plea to charges of burglary and possession of a stolen vehicle, in the Circuit Court of Kanawha County, on or about May 26, 2007. According to the petition, Petitioner was sentenced in July of 2007. Petitioner asserts that there was a breach of his plea agreement because the prosecutor did

not stand silent at his sentencing.

According to the petition, Petitioner filed a Motion for Reconsideration of Sentence in the Circuit Court of Kanawha County in July, 2007, and a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on August 1, 2007.  (# 2 at 3). The petition further indicates that Petitioner also filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Appeals of West Virginia in August, 2007.  (# 2 at 4).

The undersigned's staff has confirmed with the Kanawha County Circuit Clerk's office that Petitioner was sentenced on July 19, 2007.  The undersigned's staff has also confirmed that Petitioner did file a Motion for Reconsideration of Sentence in his criminal matter in the Circuit Court of Kanawha County, and that motion is still pending.  Therefore, Petitioner's criminal judgment is not yet final.  Petitioner will have the opportunity to file a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"), following a ruling on his Motion for Reconsideration.

According to the Kanawha County Circuit Clerk's office, Petitioner has not filed a habeas corpus petition in that court. The undersigned's staff, however, has confirmed that, on August 16, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus in the SCAWV, under its original jurisdiction.  That petition is still pending as well.

On October 4, 2007, a status conference was held in this matter. Petitioner participated in the status conference by video feed from the South Central Regional Jail, where he is presently incarcerated. No response to the present habeas corpus petition has been ordered by the undersigned. Therefore, no representative for the respondent was required to attend the status conference.

During the status conference, Petitioner indicated, under oath, that another inmate, Harvey Short had assisted him in the preparation of his petition, and that he had not signed the petition or any other documents submitted to the court. The undersigned informed Petitioner that he must sign his own documents.

The undersigned further discussed the requirement to exhaust state court remedies before filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in federal court. The undersigned further indicated that she would recommend to the presiding District Judge that Petitioner's section 2254 petition be dismissed, without prejudice, pending Petitioner's exhaustion of available state court remedies. The undersigned will discuss the exhaustion process in detail below.

## **ANALYSIS**

Section 2254 of Title 28 of the United States Code provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of

>a State court shall not be granted unless it appears that -
>
>>(A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriquez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal to the SCAWV, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without

an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

From the face of the petition, and Petitioner's statements at the status conference, it is clear that Petitioner has not exhausted any of the remedies discussed above. During the status conference, Petitioner indicated that he had requested that his state court counsel, Kanawha County Assistant Public Defender John Sullivan, come to see him about filing an appeal, but Mr. Sullivan apparently has not done so. The undersigned explained that Petitioner must address that issue with his counsel or the state courts, and that the present federal habeas corpus petition is premature.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has not exhausted his state court remedies. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition, without prejudice, pending the exhaustion of his state court remedies.

At the status conference, the undersigned further informed Petitioner that there are strict time limits involved for the filing of post-conviction proceedings. Petitioner is hereby

**NOTIFIED** that, under 28 U.S.C. § 2244(d)(1), a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 must be filed within one year of a criminal judgment becoming final. 28 U.S.C. § 2244(d)(1). However, the time period in which a properly-filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the period of limitation. 28 U.S.C. § 2244(d)(2).

Petitioner is further **NOTIFIED** that he must exhaust his available state court remedies and file a new section 2254 petition, if warranted, before the expiration of the one-year statute of limitations. As noted above, the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. 28 U.S.C. § 2244(d)(2). In other words, as to his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Petitioner must first and promptly file a petition for appeal in the SCAWV, raising any federal constitutional claims that he may wish to assert and, if his petition is denied, then he may file a new section 2254 petition in federal court.

Petitioner is **NOTIFIED** that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant

6

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

    October 10, 2007                  *Mary E. Stanley*
        Date                                 Mary E. Stanley
                                                  United States Magistrate Judge